IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SUNNY W. GOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CV-375-WKW |
| | ) | [WO] |
| THE BOARD OF TRUSTEES OF | ) | |
| AUBURN UNIVERSITY, JAY | ) | |
| JACOBS, DAVID BENEDICT, | ) | |
| RICH MCGLYNN, SCOTT | ) | |
| DUVAL, and JEREMY | ) | |
| ROBERTS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Recommendation of the Magistrate Judge (Doc. # 33), to which Plaintiff Sunny Golloway filed objections (Doc. # 34). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

The Magistrate Judge recommended that Defendants' motion to dismiss (Doc. # 9) be granted in its entirety. Mr. Golloway challenges this conclusion, alleging that each count of his complaint should be allowed to go forward. Because the Magistrate Judge properly applied the law to the facts of this case, the Recommendation will be adopted (and Mr. Golloway's objections overruled) in large part. However, because Mr. Golloway alleged sufficient facts for his claim of

tortious interference to survive 12(b)(6) scrutiny, the Recommendation will be rejected as to Count 5 of the complaint.

## I. JURISDICTION AND VENUE

Subject-matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against the legal standard articulated by Rule 8 of the Federal Rules of Civil Procedure. Rule 8 provides that the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). The court need not, however, accept mere legal conclusions as true. *Id.* at 1325.

To survive a 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint is facially plausible when "the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  DISCUSSION

Because the Magistrate Judge already spelled out the facts and procedural history of this case, the analysis starts at the crux of the matter: Does Mr. Golloway's operative complaint survive 12(b)(6) scrutiny?

**A.     Counts 1 & 2: Claims against the Board of Trustees of Auburn University**

Mr. Golloway objects to the Magistrate Judge's conclusion that his claims against the Board are due to be dismissed on sovereign-immunity grounds. It is beyond dispute that Alabama's state universities, including their boards of trustees, are instrumentalities of the state. *E.g.*, *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985); *Rigby v. Auburn Univ.*, 448 So. 2d 345, 347 (Ala. 1984). Moreover, the Magistrate Judge properly determined that the relief sought by Mr. Golloway does not fall into the exception for injunctive relief carved out by *Ex parte Young*. *See Ala. State Univ. v. Danley*, 212 So. 3d 112, 129 (Ala. 2016). Contrary to Mr. Golloway's objection, his case does not seek "a liquidated, certain amount" such that his relief can be couched as injunctive in nature. (Doc. # 34 at 3.) Rather, because Mr. Golloway could only receive his claimed damages after a judicial finding that he was terminated without cause, his claim does not fall within the *Ex parte Young* "ministerial act" exception. *Danley*, 212 So. 3d at 126; *see also Woodfin v. Bender*,

No. 1150797, --- So. 3d ----, 2017 WL 1192891, at *8 (Ala. March 31, 2017) (holding that "legitimate dispute" as to whether backpay was required entitled defendant to sovereign immunity). Therefore, the Magistrate Judge properly recommended dismissal of Mr. Golloway's claims against the Board.

**B.   Count 3: Defamation**

Mr. Golloway objects to the recommended dismissal of his defamation claim, arguing that Defendant Jay Jacobs's statement that he was terminated "with cause" constituted defamation *per se*. It did not. "The first element of a cause of action in defamation is a false statement." *Tidwell v. Winn-Dixie, Inc.*, 502 So. 2d 747, 748 (Ala. 1987). Mr. Jacobs's statement, "I regret to announce that earlier today I dismissed Auburn head baseball coach Sunny Golloway with cause," does not meet this threshold requirement. (Doc. # 32 at 77.) Auburn University dismissed Mr. Golloway "with cause" rather than "without cause"—the manner of termination is undeniable, regardless of whether cause actually existed. Because Mr. Jacobs's statement truthfully described the nature of the firing, the Magistrate Judge properly recommended dismissal. *Cf. McCarver v. PPG Indus., Inc.*, 552 F. Supp. 2d 1294, 1301 (N.D. Ala. 2008) (granting summary judgment against defamation claim where defendant disclosed the basis for plaintiffs' termination, even though one of the plaintiffs disputed the accuracy of that basis of termination).

Similarly, Mr. Jacobs did not defame Mr. Golloway in announcing his "commitment . . . to provide the best student-athlete experience in the nation." (Doc. # 32 at 77.) The statement did not concern Mr. Golloway, but rather went to the conditions that Auburn strives to create for its student athletes. *See Skinner v. Bevans*, 116 So. 3d 1147, 1156 (Ala. Civ. App. 2012) (requiring that a defamatory statement "concern[ ] the plaintiff"). Moreover, Mr. Jacobs's announcement was not "reasonably capable of a defamatory meaning." *Harris v. Sch. Annual Publishing Co.*, 466 So. 2d 963, 964–65 (Ala. 1985). Even stretched to its breaking point, Mr. Jacobs's statement means only that Mr. Golloway provided something less than the best athletic experience in the nation. Announcing that someone falls short of the absolute best is no more defamatory than giving them a runner-up ribbon or an Olympic silver medal. The Magistrate Judge properly recommended dismissal of Count 3.

**C.    Count 4: Fraud**

Alabama law embraces the "reasonable reliance" standard for claims of fraud. *Farmers Ins. Exch. v. Morris*, No. 1121091, --- So. 3d ----, 2016 WL 661671, at *5–*6 (Ala. Feb. 12, 2016). This standard allows a judge to dismiss a plaintiff's claim for fraud where he "w[as] fully capable of reading and understanding [his] documents, but nonetheless made a deliberate decision to ignore written contract terms." *Id.* at *6 (quoting *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala.

5

2008)). In other words, a plaintiff cannot state a claim for fraud (be it in the inducement or otherwise) on the basis of oral promises if a valid, written contract contradicts those promises. *See id.* Mr. Golloway objected to the Magistrate Judge's application of this legal standard, arguing that a jury should decide whether his reliance on Mr. Jacobs's oral representations was, in fact, reasonable. While this would be true under the old rule, it was cases like this one that led the Alabama Supreme Court to adopt the reasonable-reliance standard. *Id.* at *5 ("The problem with those earlier decisions [applying the old standard] was that they 'permitted a fraud case to go to the jury in all circumstances where all the plaintiff had to say was that he did not, in fact, know what the contract said.'") (quoting *Potter v. First Real Estate Co.*, 844 So. 2d 540, 549 (Ala. 2002)). Accordingly, Mr. Golloway's objection pertaining to Count 4 is due to be overruled.

**D.** **Count 5: Tortious Interference**

After three foul balls, Mr. Golloway finally gets a base hit in his objection to the recommended dismissal of Count 5. But it is only a single. Under Alabama law, "[t]he essential elements of the tort of intentional interference with contractual or business relations are: '(1) the existence of a protectable business relationship; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage.'" *Ex parte Hugine*, No. 1130428, --- So. 3d ----, 2017 WL 1034467, at *23 (Ala. March 17, 2017)

(quoting *White Sands Grp. v. PRS II, LLC*, 32 So. 3d 5, 14 (Ala. 2009)). Where a plaintiff sues coworkers or other parties who are not strangers to the relationship, he can only state a claim if he "show[s] that the defendants acted outside their scope of employment and did so maliciously." *Perlman v. Shurett*, 567 So. 2d 1296, 1299 (Ala. 1990) (quoting *Hickman v. Winston Cty. Hosp. Bd.*, 508 So. 2d 237, 241 (Ala. 1987) (Adams, J., concurring)). An action outside of the scope of employment, in this context, is the same as an action outside of the employee's scope of authority. *McGlathery v. Ala. A&M Univ.*, 105 So. 3d 437, 447 (Ala. Civ. App. 2012). And, "in order to show malice the plaintiff must make a strong showing of a pattern of interference," which requires "more than an isolated incident" of actions beyond the scope of the defendant's employment. *Id.*

The Recommendation properly determined that Defendants David Benedict, Rich McGlynn, Scott Duval, and Jeremy Roberts were not strangers to Mr. Golloway's employment with Auburn, but went too far in finding that Mr. Golloway failed to allege that the four Defendants were acting outside the scope of their employment. In his operative complaint, Mr. Golloway alleges that Defendants "encouraged players and their parents to tell them negative things about Golloway," told a high school coach that Mr. Golloway improperly gave away school-owned baseballs, and "withdr[ew] their blessing" for an all-star game at a recruiting camp

7

in a manner calculated to put Mr. Golloway in hot water with the University. (Doc. # 32 at 82–84.)

At this stage in the litigation, these purely factual allegations are presumed to be true. *Resnick*, 693 F.3d at 1321–22. Alabama courts have recognized that a coworker acts outside his authority and with malice when he repeatedly spreads fabrications or otherwise maneuvers to get a plaintiff fired. *E.g.*, *Michelin Tire Corp. v. Goff*, 864 So. 2d 1068, 1078 (Ala. Civ. App. 2002) (holding that evidence of defendant's repeated attempts to get coworker fired, "if believed," demonstrated malice and actions outside scope of employment sufficient to justify trial court's grant of a new trial on tortious-interference claim); *see also McGlathery*, 105 So. 3d at 448 (reversing trial court's 12(b)(6) dismissal of tortious-interference claim against coworker, reasoning that the plaintiff alleged that the defendant "act[ed] without authority and maliciously"). Though it is a close call, Mr. Golloway has alleged a "pattern of interference," *Perlman*, 567 So. 2d at 1299, whereby Defendants worked to undermine and eventually oust their baseball coach. Thus, the operative complaint gets him to first base on his claim for tortious interference. The objection to the Recommendation is due to be sustained as to Count 5.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. # 33) is ADOPTED in part and REJECTED in part;

2. Plaintiff Sunny W. Golloway's objections (Doc. # 34) are OVERRULED in part and SUSTAINED in part;

3. Defendants' motion to dismiss (Doc. # 9) is GRANTED as to Counts 1, 2, 3, and 4 of Mr. Golloway's First Amended Complaint (Doc. # 32);

4. Counts 1, 2, 3, and 4 of Mr. Golloway's First Amended Complaint (Doc. # 32) are DISMISSED with prejudice;

5. Defendants' motion to dismiss (Doc. # 9) is DENIED as to Count 5 of Mr. Golloway's First Amended Complaint (Doc. # 32); and

6. This action is REFERRED back to the Magistrate Judge for further proceedings on Count 5.

DONE this 12th day of September, 2017.

                                          /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE